HEBRON BANK *v.* GAMBRELL.

[77 South. 148, Division A.]

1. USURY. *Actions. Evidence. Accounting.*

Where in a suit by a customer of a bank for an accounting he filed slips showing that the bank had charged him one hundred and seventeen dollars and forty-seven cents usurious interest on invoices and overdraft accounts and testified generally that he had examined the books of the bank, and it was his best judgment that the overcharge or the usurious interest charged on

both these accounts amounted to two hundred and forty dollars and thirty-two cents, such evidence did not justify a decree in his favor for both the one hundred and seventeen dollars and forty-seven cents and the two hundred and forty dollars and thirty-two cents as the first item was included in the second and besides the testimony as to the two hundred and forty dollars and thirty-two cents is very indefinite and should have been more certain and specific.

2. Banks and Banking. *Evidence. Actions against banks. Opinion.*

Where the bank with which a partnership engaged in the sawmill business did their banking business credited the partnership with only enghty per cent. of the amounts of sale of lumber, retaining twenty per cent. of the price until the purchaser had finally settled for the lumber, and one of the partners brought suit for an accounting, his testimony that he had looked at the books of the bank and tried to ascertain as best he could what amount if any was due the partnership on the twenty per cent. retained and that according to his best judgment, he thought it was about six hundred dollars, such evidence was his opinion rather than a statement of fact, and was too vague and indefinite to support a decree in his favor, especially where officers of the bank testified and explained. according to the books that the partnership had been credited fully with the amount retained.

3. Usury. *Recovery of usurious interest. Ignorance or mistake.*

Where a bank is sued for usurious interest charged by it, the fact that the officials of the bank were ignorant of the law or temporarily overlooked it, is no defense.

4. Usury. *Recovery of usurious interest. Rights of assignee.*

Where usurious interest was paid to a bank by a partnership, it was recoverable by one of the partners to whom the partnership account with the bank, together with all charges of every character, except items specifically excluded, were transferred and assigned on a settlement and dissolution of the partnership, since in such case he stood in the place of the partnership.

5. Set-Off and Counterclaim. *Equitable set-off. Accounting.*

In a suit for an accounting ,where the bill asked the chancery court to take jurisdiction of all equities and matters of accounting between the parties, and the chancellor found that the amount due defendant on a note, secured by a trust deed on oxen, for which defendant had instituted a suit in replevin, was a specific amount, he should have allowed any amount due plaintiff to

be set-off against the amount due the defendant, so that either party could then plead in the circuit court where the replevin suit was pending, the decree of the chancery court relating to the matter.

APPEAL from the chancery court of Smith county.

HON. G. C. TANN, Chancellor.

Suit by J. D. Gambrell against the Hebron Bank and another. From a decree for plaintiff, the defendant named appeals.

The facts are fully stated in the opinion of the court.

*Hilton & Hilton,* for appellant.

*T. J. Willis,* for appellee.

SYKE., J., delivered the opinion of the court.

The appellee, J. D. Gambrell, filed a bill in the chancery court of Smith county against J. W. Meadows and the Hebron Bank for an accounting. The bill alleged that Meadows and Gambrell had been engaged in the sawmill business as partners, and that they did their banking business with the appellant bank. It was also alleged in the bill that the bank and the defendant Meadows conspired to defraud the complainant out of certain moneys; further, that the bank had charged individual checks of Meadows to the partnership account and made other erroneous charges on the partnership and individual account of complainant Gambrell. It was alleged that the bank had charged the appellee individually and the partnership on notes, invoices, and overdraft accounts ten per cent. usurious interest. It was also alleged that the bank had failed to credit the partnership account with about six hundred dollars, being twenty per cent. of the proceeds of sales of certain cars of lumber, and that the account was entitled

to this credit. The answer denied all of the material allegations of the bill relating to the erroneous charges, mistakes, and usurious interest, and denied fraud and collusion. A great deal of testimony was introduced by both parties. The chancellor found that defendants were not guilty of any fraud. He also found a great number of items in controversy in favor of the defendant bank. There is no cross-appeal by Gambrell. Certain items were found by the chancellor in favor of the complainant, Gambrell, against the bank, from which this appeal is prosecuted. We shall notice briefly these items.

The chancellor found that Gambrell was entitled to recover of the bank as usurious interest charged him by the bank two hundred and forty dollars and thirty-two cents on the invoice account and one hundred and seventeen dollars and forty-seven cents on the overdraft account, both partnership accounts. We have carefully searched the record for testimony sustaining this finding of fact. The appellee, Gambrell, as an exhibit to his testimony, filed certain slips showing that the bank had charged him one hundred and seventeen dollars and forty-seven cents interest on invoice and overdraft accounts. He then stated generally that he had examined the books of the bank, and it was his best judgment that the overcharge or the usurious interest charged on both these accounts amounted to two hundred and forty dollars and thirty-two cents. In other words, the appellee, Gambrell, stated in an indefinite way that he thought the usurious interest charges on both invoice and overdraft accounts amounted to two hundred and forty dollars and thirty-two cents. The chancellor, however, rendered a decree in his favor for the two hundred and forty dollars and thirty-two cents and the one hundred and seventeen dollars and forty-seven cents. The item of one hundred and seventeen dollars and forty-seven cents interest on

overdraft account is supported by the slips made exhibits to this testimony. There is no testimony, however, other than the indefinite statement of the appellee, Gambrell, relating to the two hundred and forty dollars and thirty-two · cent item, and this, according to his statement, covers both overdraft and invoice account. Since the overdraft account was covered by the two hundred and forty dollars and thirty-two cent charge, then it was error in the chancellor to again allow this item as a separate credit since it was included in the two hundred and forty dollars and thirty-two cent item. The testimony as to the two hundred and forty dollars and thirty-two cent item is very indefinite, and should be more certain and specific upon the second trial of the case.

There is also a finding in favor of the appellee of three hundred dollars as one-half of a twenty per cent. deposit retained by the bank from proceeds of ·sales of cars of lumber of the partnership. The chancellor found that the bank had not given the partnership credit for six hundred dollars due it as a balance of twenty per cent. retained by the bank until a full settlement had been had with the purchasers of this lumber. It seems to have been the custom, when the partnership shipped lumber, for the bank to at once credit their account with eighty per cent. and retain twenty per cent. of the price until the purchasers had finally settled for the lumber. When the lumber was finally paid for, then the twenty per cent. would be credited to the partnership account. The testimony upon which the chancellor found that the partnership was due this six hundred dollars was that of the appellee, Gambrell. He stated that he had looked at the books of the bank and tried to ascertain as best he could what amount, if any, was due them on the twenty per cent. retained by the bank, and that according to his best judgment, he thought it was about six hundred dollars, but that the

books of the bank would show; that he had not gotten any credit for this twenty per cent. The cashier and assistant cashier of the bank testified and explained according to the books where the partnership had been credited fully with the twenty per cent. retained as above set forth. On the vague and indefinite statement of the appellee, Gambrell, we think the chancellor erred in finding that the partnership was entitled to a balance of six hundred dollars and allowing Gambrell a credit for three hundred dollars. We do not think the above testimony of Gambrell can be considered as a statement of fact, but rather as his opinion. Especially is this true when that testimony is contradicted by the officers of the bank who explained fully how the partnership was given credit for this amount. Before the appellee can recover this three hundred dollars he must shown by testimony that the partnership has not been given this credit, and this cannot be done by a mere statement of his opinion. The partnership accounts and the books of the bank should show conclusively the real truth of this matter.

There are other items of usurious interest charged the partnership by the bank which are found in favor of the appellee. It is contended by the appellant that these were not usurious charges, because the cashier of the bank testified that they merely overlooked the law making it usurious interest to charge ten per cent. The testimony shows that ten per cent. interest was charged the partnership. The ignorance of the law of the bank officials or their temporarily overlooking the law is no excuse for this charge. It is clearly usurious interest, and the appellee is entitled to recover it back. It is further claimed by the appellant that the appellee should not be allowed to recover the entire interest charged to the partnership account. The testimony, however, shows that in the settlement and dissolution of the partnership of Meadows and Gambrell the part-

nership account of the bank, together with all charges
of every character, except the twenty per cent. items
above mentioned, were transferred and assigned by
Meadows to Gambrell. So, for the purposes of these
interest charges on notes, invoices, and overdraft ac-
counts, Gambrell stands in the place of the partnership,
and can recover these usurious charges.

Before the filing of this bill in the chancery court
the appellant bank, which held a deed of trust on cer-
tain yoke of oxen, claimed to be the property of Gam-
brell, through its trustee, had instituted a replevin suit
in the circuit court to recover possession of them. The
amount due under the note and deed of trust is about
seven hundred and seventy-five dollars. The bill of the
appellee asked the chancery court to take jurisdiction
of all equities and matters of accounting between the
parties to the suit. The chancellor found that the a-
mount due the bank by appellee under this note secured
by the deed of trust was seven hundred and seventy-five
dollars and interest, but he failed to allow the appel-
lant to set off this amount due him against the seven
hundred and seventy-eight dollars the chancellor found
appellant was due appellee. We think the court should
have allowed any amount due appellant as an offset
against any amount due appellee. Either party could
then plead in the circuit court, where the replevin suit
was pending the decree of the chancery court relating
to this matter.

The decree of the lower court will be affirmed in all
of its findings except those above specifically enumer-
ated and discussed. As to them, namely, the item two
hundred and forty dollars and thirty-two cents, inter-
est on invoice account of Meadows and Gambrell, the
item one hundred and seventeen dollars and forty-seven
cents interest on overdraft account of Meadows and
Gambrell, the three hundred dollar item, being one-half
of twenty per cent. alleged to have been retained by

the bank, and the failure of the court to allow a set-off of the amount due on the note secured by the deed of trust for which the replevin suit was pending in the circuit court, the cause is reversed, and remanded for a new trial.

*Reversed and remanded.*